UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

     Plaintiff,

                                Case No. 1:26-cv-1950

v.

                                Hon. Hala Y. Jarbou

MICHIGAN DEPARTMENT OF HEALTH
AND HUMAN SERVICES, et al.,

     Defendants.

_____/

## **ORDER**

     The Government brings this action to require the State of Michigan, through its Department of Health and Human Services, to produce records and information regarding applicants for benefits under the Supplemental Nutrition Assistance Program (SNAP).  The Government has filed a motion for a preliminary injunction asking the Court to require Defendants to turn over this information.  Defendants' response is due on August 10, 2026.  Defendants ask the Court to stay this action or extend their deadline for responding.

     In July 2025, before this lawsuit was filed, Michigan and other states brought an action in the district court for the Northern District of California to enjoin the Government from requiring Michigan to turn over their SNAP information.  That court entered a preliminary injunction but it suggested that the information could be disclosed if the parties agreed to proper protocols for doing so.  *See California v. USDA*, 821 F. Supp. 3d 1015, 1029 (N.D. Cal. 2026).  The Government asserts that although it subsequently modified its request to comply with that injunction, Defendants have still refused to turn over the requested information.

Defendants now move to stay this action, relying in part on the first-to-file rule, which "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). Defendants assert that they have filed a motion asking the California court to decide whether the Government should be permitted to proceed in this action, and they ask this Court for a temporary stay of this action until the California court decides the pending motion in the other case.

The Government responds that the Court should not stay this action because the first-to-file rule does not apply. When presented with a duplicative lawsuit, the Court has discretion "to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). "[T]he general principle is to avoid duplicative litigation." *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But according to the Government, the two cases are not truly duplicative. *See id.* (noting that it would be an abuse of discretion to enjoin a party from proceeding in another suit that is not "truly duplicative" of the first). This action concerns a document request that is not at issue in the California lawsuit because the Government submitted it after that court entered a preliminary injunction addressing the Government's first two document requests. Also, the parties in this case are not the same as those in the California case.

In addition, the Government notes that it is not clear when the California court will decide the motion to stay these proceedings, so the stay would be indefinite. Moreover, it contends that forcing Defendants to respond to the motion for a preliminary injunction on the usual timeline will not impose a great hardship. And to the extent Defendants contend that the California case should

take precedence, Defendants can address that issue in their response to the motion for a preliminary injunction.

When deciding whether to grant a stay, the Court "must tread carefully . . . , since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).  Courts considering a stay under the first-to-file rule have considered the following factors:

> the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration.

*Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio July 12, 2004) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

Considering these factors, the Court is not persuaded that a stay is warranted.  At this stage, it appears that the California case may not be "materially on all fours" with this one.  *Smith*, 129 F.3d at 361 (quoting *Congress Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994)).  Moreover, this Court does not know how long the stay would last in this case because the Court does not know when the California court will act.  Also, requiring Defendants to respond to the motion for preliminary injunctive relief in the ordinary course will not impose a great hardship.  The Court notes that a Pennsylvania district court recently denied a stay in similar circumstances.  *See United States v. Pa. Dep't of Hum. Servs.*, No. 1:26-cv-1787 (M.D. Pa. July 28, 2026), ECF No. 16.

In the alternative, Defendants ask for a 21-day extension of time to respond to the Government's motion for a preliminary injunction because the California court will hold a hearing on their motion for a stay on August 14.  Defendants contend that an extension will give them an

3

opportunity to include any additional arguments, admissions, or bench rulings from that hearing in their response to the preliminary injunction motion before this Court.

The Court is not persuaded that Defendants have shown good cause for an extension of time to respond to the preliminary injunction motion.  To the extent the California court hearing on August 14 sheds any further light on the propriety of the motion for a preliminary injunction, Defendants are free to seek leave to file supplemental briefing after the Government files its reply brief.

Accordingly,

**IT IS ORDERED** that the motion to stay or for an extension of time (ECF No. 14) is **DENIED**.

Dated: August 7, 2026                                  /s/ Hala Y. Jarbou
                                                       HALA Y. JARBOU
                                                       CHIEF UNITED STATES DISTRICT JUDGE

4